Israel Glass
vs.                    No. 66800
United Electric Rwys Co.
June 23, 1926

HAHN, J. Heard on defendant's petition for a new trial. After verdict for plaintiff, defendant moves for a new trial on the ground, among others, that the verdict is contrary to the evidence and the weight thereof.

This is an action of trespass on the case for negligence in which it appears that the plaintiff's automobile truck, driven by his agent, and defendant's electric locomotive, driven by its agent, collided on Eddy street in Providence somewhat south of Point street, said collision causing damage to plaintiff's truck and loss of the use of the same for a short period.

It appears that plaintiff's truck was being driven in a southerly direction at a point to the right of the centre of Eddy street and partially in the southbound or right hand track, and that the place of collision was somewhat south of Point street; that the locomotive, to which was attached a number of cars, was proceeding north along Eddy street and crossed over from the right or inbound track to the left or outbound track in order to avoid certain work which prevented the use of the inbound track, said work being in the vicinity of the Daboll Rubber Company's plant on Eddy street to the north of Point street. It is in evidence that the agents of both parties observed the approach of the other vehicle, the plaintiff's agent saying that he saw it sixty feet away as it was crossing from the inbound to the outbound track and that when he first saw the locomotive it was crossing from one track to the other. Plaintiff's agent testified that after he had driven a few feet along what was his right hand side of Eddy street, partly in the right hand track, he came to an automobile parked at his right and that traffic to the left was so great that he could not turn in front of the defendant's locomotive, so, in order to avoid a collision, he stopped his machine about fifteen feet from the front of defendant's locomotive, but that defendant's locomotive did not stop but struck plaintiff's truck and pushed it back 25 feet or more. In this he is corroborated in whole or in part by two witnesses.

The crew of defendant's locomotive, consisting of a motorman and a con-

ductor, testified that they crossed from the right to the left hand track because of repairs in front of the Davol Rubber Company's plant and were proceeding northerly along Eddy street when plaintiff's truck, which was to the rear of another machine, came along; that their engine was proceeding slowly; that the conductor was motioning to those on the track to turn to their left; that the road was clear to the left and that the machine ahead of the plaintiff turned to the left, but that plaintiff's agent was not looking ahead but was looking to one side, observing certain objects on the sidewalk, and so proceeded along until the truck collided with the locomotive, which had stopped at the time of collision but which was by the slack between the cars which it was drawing pushed ahead three or four feet immediately after the collision. The damage wrought by the collision shows conclusively that it was not very forcible.

On considering the testimony of the various witnesses and the circumstances of the case, it appears to the court that there was no necessity for plaintiff's agent to drive as far as the parked machine before stopping, as he undoubtedly could have driven from the track after observing the locomotive before reaching the parked machine, and, further, it hardly seems probable to the court that the traffic to the left of the locomotive was of such a nature that, had plaintiff's agent been observing the conditions, he could not have turned to the left. The locomotive came from its right to its left hand track and it is improbable that traffic followed the locomotive and the cars attached to it as it was running from one track to another, and it was along this space that the automobile, which defendant's agents say was ahead of the truck of the plaintiff, must have driven.

The evidence taken as whole, together with the circumstances, leads to the conclusion that plaintiff's agent was not in the exercise of due care either at the time he first saw defendant's locomotive or at the time that the signal was given to him to turn to his left. In view of these facts, the verdict is contrary to the evidence and the weight thereof.

Defendant's motion for a new trial granted.

For Plaintiff: W. C. H. Brand and M. S. Waldman.

For Defendant: Clifford Whipple and E. A. Sweeney.

